**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOHN WRIGHT,**

        **Plaintiff,**

**v.**                                  **Case No. 8:17-cv-650-T-24TBM**

**NANCY A. BERRYHILL, Acting**
**Commissioner of the United States**
**Social Security Administration,**

        **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for Supplemental Security Income ("SSI") payments.  Upon review of the record and the pleadings and memoranda submitted by the parties, and for the reasons set out herein, I recommend the decision of the Commissioner of the United States Social Security Administration be **reversed and remanded.**

**I.**

Plaintiff applied for SSI in January 2014, alleging disability as of November 1, 2013, by reason of back, heart, and leg conditions, and vision loss in the right eye.  (R. 221, 227, 242).  His application was denied originally and on reconsideration.

Plaintiff received a *de novo* hearing before an Administrative Law Judge ("ALJ") on October 5, 2015.  (R. 58–94).  He was represented at the hearing by counsel and testified in his own behalf, as did Howard D. Steinberg, a vocational expert ("VE").

Plaintiff was forty-eight years old at the time of the hearing, had a high school education, and no past relevant work experience.  In brief, Plaintiff testified that his back is bad and his legs prevent him from standing or walking too much.  He said he tries to walk half a block a day.  He has had two heart attacks.  He stated has no health insurance and receives treatment through the county.  He takes pain medication three times a day, as well as medication for his blood pressure and heart.  He claimed he doesn't drive much because of his vision problems.  He claimed to have dizziness off and on lasting about an hour and headaches daily that are on the right side of his head and which prevent him from seeing out of his right eye.  He testified to blurry vision that prevents him from seeing up close, such as a newspaper or computer screen.  He said he can see at some distance but not up close.  He also said his vision is basically the same all the time.  He testified that no one has recommended glasses, and he couldn't afford them anyway.  (R. 61–88).

The VE testified on a hypothetical assuming an individual of Plaintiff's age, education, and work experience capable of a limited range of sedentary work, and testified that such person could perform the jobs of account clerk, surveillance system monitor, and various sedentary assembly and production jobs, such as brake lining coater.  (R. 88–91).

At hearing, the ALJ indicated that "I am ordering a physical CE by an ophthalmologist to check out the Claimant's vision and his eyes and it may lead to an additional limitation that we don't know about yet and so my RFC today may be ... supplemented with an interrogatory

2

to an [VE] if I have to add an additional limitation to my RFC today." (R. 89). No supplemental interrogatory appears in the record. Plaintiff's counsel did not question the VE on any visual limitations.

Also before the ALJ were medical records outlining Plaintiff's medical history. These matters are addressed herein as necessary.

By decision dated February 3, 2016, the ALJ determined that while Plaintiff has severe impairments related to obesity, hypertension retinopathy, history of myocardial infarction, and lumber spine disorder, he nonetheless had the residual functional capacity ("RFC") to perform a limited range of sedentary work. Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could perform jobs available to him in the local and national economy. On this conclusion, Plaintiff was determined to be not disabled under the Act. (R. 43–53).

The Appeals Council denied Plaintiff's request for review (R. 1–7), and the ALJ's decision became the final decision of the Commissioner.

## II.

Entitlement to SSI payments requires the claimant establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

3

The Social Security Regulations set forth a five-step sequential evaluation process the ALJ must follow in determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this five-step sequential evaluation, the ALJ considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the severe impairment meets or equals an impairment listed in the listing of impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of the claimant's age, education and work experience, the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden is on the claimant to prove the first four steps, and if the claimant does so, the burden shifts to the Commissioner to prove the fifth step. *Jones v. Apfel,* 190 F.3d 1224, 1228 (11th Cir. 1999).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quotations omitted). The Commissioner must apply the correct law and demonstrate that she has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citations omitted).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656

4

(5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  *Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  *Moore*, 405 F.3d at 1211.

In sum, the scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

## III.

Plaintiff raises three claims on this appeal.  As stated by Plaintiff, they are as follows: "(1) The finding by the ALJ that the Plaintiff's alleged vision problems are not established by the weight of the evidence is not supported by substantial evidence; (2) The [RFC] of the Plaintiff in regard to the severe impairment of hypertensive retinopathy is not supported by substantial evidence; and (3) The ALJ failed to develop the record by asking the consultative exam[iner] to determine what visual limitations, if any, the Plaintiff had after examination."  (Doc. 15 at 1).

The Commissioner responds that substantial evidence supports the ALJ's findings with regard to Plaintiff's alleged vision problems.  By her argument, the ALJ properly considered and evaluated the evidence of record regarding Plaintiff's vision problems, credited him with severe hypertensive retinopathy, but ultimately found that his alleged vision problems were not as

limiting as claimed.  The Commissioner asserts that Plaintiff failed to meet his burden to prove additional limitations not accounted for by the ALJ and fails to show that the ALJ failed to develop the record in this regard.  (Doc. 16).

After full review of the medical record, I find remand is required for further review and explication of the functional limitations caused by Plaintiff's visual impairments.  I agree with Plaintiff that the ALJ's conclusion that, "Overall, the claimant's alleged vision problems are not established by the weight of the evidence[,]" whether a comment of Plaintiff's credibility or a comment on the medical evidence of the impairment itself, is—without further explanation— unsupported by substantial evidence.

As determined by the ALJ, this record established that Plaintiff suffers hypertension retinopathy ("HTN retinopathy").  As noted, it appears visual acuity is particularly affected in the right eye and, to a lesser extent, in the left eye.  In addition to findings of HTN retinopathy, a review of the medical record revealed additional diagnoses, which were accompanied by findings of significant vision impairment.[1]  By whatever name, Plaintiff has medically determined impairment(s) in his eyes with documented limited vision.  At the hearing, Plaintiff indicated that he had blurred vision and trouble seeing out of his right eye and seeing up close.  Apparently recognizing the need for additional information or work-up on what was going on with Plaintiff's eyes, the ALJ ordered a consultative evaluation by an ophthalmologist.  If anything, that follow-

---

[1]Dr. James Powers, D.O., diagnosed hypertensive retinopathy and Macular Idiopathic Choroidal Neovascularization with severe loss of vision in the right eye.  (R. 333).  Dr. Todd Berger, M.D. also diagnosed epiretinal membranes with 20/80 visual acuity in the right eye and 20/50 visual acuity in the left eye.  (R. 352–53).  A doctor at Southeast Eye Institute diagnosed chronic central serous retinopathy with significant vision loss in both eyes.  (R. 355–56).

up examination and report from Southeast Eye Institute would appear to fully support the other record findings, as well as Plaintiff's claim of limited vision. The report appears to find Plaintiff had 20/200 far and near visual acuity on the left and no light perception near or far on the right. (R. 355–58). However, in addressing the consultative examiner's report, the ALJ gave no indication of the weight afforded these acuity findings; he noted only that the examining doctor's signature was illegible.[2] Such is simply an inadequate basis to ignore seemingly relevant findings.

In the face of this record, it is not enough for the ALJ to summarily discount the evidence and/or the Plaintiff's subjective claims by declaring that the alleged vision problems are not established by the weight of the evidence and then to assume no visual limitations in questioning the VE. Even Dr. Berger's acuity findings, which the ALJ seemingly favored, revealed low vision in the right eye and visual limitations in the left eye as well. On my review, I find no record evidence that necessarily contradicts Plaintiff's claim that he cannot see well out of his right eye or close up. In the face of such express claims by the Plaintiff and in light of this record, I think it incumbent on the ALJ to articulate the visual limitations he finds supported by the record and, if he determines to do so, his reasons for discounting the severity of the visual impairment(s) and the Plaintiff's subjective claims.

Moreover, I agree with Plaintiff that the hypothetical question posed the VE may not have included all Plaintiff's limitations, thus calling into question the validity of the vocational

---

[2]The illegibility of the signature was a matter easily clarified, particularly since it was from the consultative ophthalmologist the ALJ or Commissioner chose to perform the post-hearing consultative examination (*see* R. 354). In these circumstances, the illegibility of the doctor's signature offered an inadequate basis to discount the report—a report which the ALJ had deemed necessary for decision.

decision.[3]  While the ALJ purportedly credited Plaintiff with HTN retinopathy, any limitations related to same are not apparent and the ALJ seemingly included no limitation for near or far visual acuity.  Any such visual limitations associated with HTN retinopathy should have been articulated in the RFC and in the hypothetical questions posed the VE.  The failure to include any such limitation(s) cannot be found harmless on this record.[4]  On the other hand, if the ALJ determined that there are no visual limitations despite this record, the ALJ was duty-bound to explain the conclusion with reference to the medical evidence supporting his conclusion.

I make no finding on the ultimate issue of disability; however, I do find that the Court cannot determine whether the ALJ's summary disposition of Plaintiff's visual limitations is supported by substantial evidence and whether it was made consistent with applicable standards.  On remand, the ALJ shall consider the medical record in full, make clear findings on the severity of Plaintiff's visual impairments, if any, and revisit the vocational significance of the same.

---

[3]When employing a vocational expert, case law dictates that the ALJ pose hypothetical questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant.  *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999)).  Where the hypothetical question posed to a VE does not comprehensively describe all of the claimant's impairments and limitations, the decision of the ALJ, based significantly on the VE's testimony, is unsupported by substantial evidence.  *Pendley v. Heckler*, 767 F.2d 1561, 1562-63 (11th Cir. 1985).

[4]The VE identified three representative jobs available to a person with the RFC proposed by the ALJ—account clerk, surveillance system monitor, and sedentary assembly and production-type jobs, such as brake lining coater.  The hypothetical included no apparent visual limitations.  (R. 89–90).

According to the Dictionary of Occupational Titles ("DOT"), the job of brake lining coater requires constant near acuity; the job of surveillance system monitor requires frequent near acuity; and the job of charge account clerk requires occasional near acuity.  By my consideration, some clear delineation of Plaintiff's limitations in this regard should have been provided and addressed.

8

**IV.**

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards, and I recommend that it be **REVERSED and REMANDED** for further proceedings before the Commissioner consistent with this Report and Recommendation.  I further recommend that the Clerk be directed to enter Judgment in favor of Plaintiff and to close the case, with the matter of fees and costs to be addressed upon further motion.

Respectfully submitted this
18th day of January 2018.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies furnished to:
The Honorable Susan C. Bucklew, United States District Judge
Counsel of record

9